**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FELIPE GARCIA SANCHEZ,

      Petitioner,

v.

      Case No. 3:26-cv-695-TJC-PDB

SECRETARY OF HOMELAND
SECURITY, et al.,

      Respondents.

## <u>O R D E R</u>

On March 30, 2026, Petitioner Felipe Garcia Sanchez, an immigration detainee at Baker Correctional Institute, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus. (Doc. 1; Petition). The Federal Respondents filed a Response. (Doc. 9; Response). Respondent Warden, Florida Baker Correctional Institute filed a Motion to Dismiss the Petition. (Doc. 10). The case is now ripe for review.

### I. Background

Petitioner, a citizen of Mexico, entered the United States without inspection in 2005. Petition at 13; Response at 2. Since his entry, he has resided continuously in the United States. Petition at 13. On February 17, 2026, he was involved in a single-vehicle accident, with no other vehicles or persons involved or injured. Id. at 14. Petitioner was charged with driving without a valid license

under Fla. Stat. § 322.03(1), a misdemeanor. Id. He pled no contest and was adjudicated guilty on March 9, 2026. Id. Following his release, on or about March 10, 2026, Immigration and Customs Enforcement (ICE) took custody of Petitioner in connection with his February 2026 arrest and issued a Notice to Appear in immigration court. Id.; Response at 2.

In 2007, Petitioner was adjudicated guilty of driving without a valid driver's license under the same Florida statute. Petition at 14. Petitioner has no criminal history other than these two traffic offenses. Id. He argues that "[n]either conviction triggers mandatory detention under 8 U.S.C. § 1226(c)[,]" which Respondents do not dispute. Id. Respondents argue that ICE is properly detaining him under § 1225(b)(2). Response at 8 et seq.

## II. Analysis

The Petition contains four counts, alleging: (1) Respondents have violated the Immigration and Nationality Act; (2) Respondents have violated the bond regulations; (3) Respondents have violated Petitioner's Fifth Amendment procedural due process rights; and (4) Respondents have violated Petitioner's Fifth Amendment substantive due process rights. Petition at 15–17. As relief, Petitioner requests, inter alia, immediate release or an order directing Respondents to provide him with a bond hearing before an immigration judge that has "strong procedural protections." Id. at 19–22.

As Respondents acknowledge, the Court has recently addressed nearly

identical issues in <u>Orozco Torres v. U.S. Dep't of Homeland Sec.</u>, No. 3:26-cv-646-TJC-LLL, 2026 WL 947955 (M.D. Fla. April 8, 2026). The Court incorporates the reasoning in <u>Orozco Torres</u> into this Order. A difference between the two cases is that Orozco Torres had a bond hearing at which the immigration judge determined he had no jurisdiction to consider bond, whereas Petitioner likely has not. But his efforts to secure a meaningful hearing would likewise be futile, given Respondents' position that he is being held under § 1225(b)(2) and that he is therefore "subject to mandatory detention." Response at 12.

Accordingly, the Court rejects the Federal Respondents' arguments that two statutory provisions, 8 U.S.C. § 1252(g) and (b)(9), deprive this Court of jurisdiction to adjudicate Petitioner's claims and that he failed to exhaust his administrative remedies prior to filing this case. Regarding the merits of his claim, the Court finds, in line with <u>Orozco Torres</u>, that Petitioner is not properly detained under § 1225(b)(2). Thus, his Petition is due to be granted. <u>See</u> 2026 WL 947955, at *6.[1]

---

[1] The Second Circuit Court of Appeals recently came to a similar conclusion. <u>See</u> <u>Cunha v. Freden</u>, No. 25-3141-pr, --- F.4th ----, 2026 WL 1146044 (2d Cir. April 28, 2026) ("Section 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission, and who were not apprehended at or near the border at the time of entry. This result is dictated by the plain text of these provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme

### III. Remedy

The Court considered requiring an individualized bond hearing before an immigration judge on Petitioner's detention. However, the Board of Immigration Appeals decision in <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (BIA 2025), which is binding on all immigration judges, held that such judges lack authority under 8 U.S.C. § 1225(b)(2) to consider bond requests for individuals who entered the United States without admission. Thus, if the Court were to require a hearing, the immigration judge would be bound to find, under <u>Hurtado</u>, that he or she lacks jurisdiction to provide Petitioner with a meaningful hearing.[2] Moreover, Respondents argue Petitioner is subject to "mandatory" detention under 8 U.S.C. § 1225(b)(2)(A), which does not permit bond hearings. Response at 12.[3]

---

Court's established understanding of Sections 1225 and 1226. It reflects Executive Branch practice over thirty years and across five Presidential administrations. Moreover, it explains why Congress has never challenged that settled practice despite making numerous amendments to the immigration laws. Finally, even if the government's newfound interpretation of Section 1225(b)(2)(A) were plausible—and it is not—we would nonetheless reject it based on our obligation to construe these statutes in a manner that would avoid the serious constitutional questions attendant to what would be the broadest mass-detention-without-bond mandate in our Nation's history for millions of noncitizens.")

[2] Indeed, in previous similar cases before the undersigned, the immigration judges have found they do not have "jurisdiction" to grant an individualized bond hearing.

[3] Respondents argue alternatively that if the Court finds that Petitioner is subject to detention under 8 U.S.C. § 1226, "the appropriate remedy" is to

For these reasons, the Court finds ordering an individualized hearing would not afford relief and would be futile. See, e.g., Rivero v. Mina, No. 6:26-cv-66-RBD-NWH, --- F. Supp. 3d ---- , 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026) (explaining that when the government "asserted no lawful basis" for petitioner's detention, allowing his continued detention while waiting for a hearing "would gut the purpose of habeas review") (citations omitted). Without any lawful basis for his detention at this time, and unable to access a meaningful bond hearing, the Court can only find that Petitioner is entitled to immediate release.

Since the Court will grant the Petition because Petitioner is not properly detained under § 1225(b)(2), it does not, and need not, address his other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[4]

Accordingly, it is hereby

---

order a bond hearing before an immigration judge. Response at 13. However, Respondents have not contended that they are detaining Petitioner under § 1226. Consequently, the Court declines to address § 1226, finding only that the Petitioner is not properly detained under § 1225.

[4] For example, the Court declines to address Petitioner's due process arguments.

**ORDERED**:

1.     Felipe Garcia Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One; the Petition is otherwise **denied without prejudice** as moot. Respondents shall release Petitioner **within 48 hours of the entry of this Order**. Respondents shall facilitate Petitioner's transportation from the detention facility by notifying his counsel when and where he can be collected.

2.     Respondent Warden, Florida Baker Correctional Institute's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 10) is **DENIED as moot**.

3.     No later than **May 12, 2026**, Respondents shall **FILE** a notice with the Court confirming that Felipe Garcia Sanchez has been released from custody.

4.     The Clerk shall **enter judgment** granting the Petition as to Count One and **close** the file.

5.     The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of May, 2026.



Timothy J. Corrigan

TIMOTHY J. CORRIGAN
Senior United States District Judge

hms. Copies: Counsel of record